IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


JOSEPH DONALD RAY,

       Plaintiff,                  CV F 07 0682 AWI WMW PC

       vs.                       ORDER DISMISSING COMPLAINT
                                    WITH LEAVE TO
                                    FILE AN AMENDED COMPLAINT

                                    (THIRTY DAY DEADLINE)

CSATF, et al.,

       Defendants.


       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Corcoran State Prison and the California Department of Corrections and Rehabilitation.

       Plaintiff's  claims in this complaint relate to his medical care.  Plaintiff alleges generally that he is subjected to inadequate medical care.  Plaintiff does not identify any individual defendants, nor does Plaintiff charge any individual defendant with any specific conduct.

       Under the Eighth Amendment, the government has an obligation to provide medical care

1    to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In

2    order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

3    must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id. (quoting Estelle v.

4    Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether

5    medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must

6    examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

7    determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.

8    at 1132.

9            The statute plainly requires that there be an actual connection or link between the actions

10   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

11   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

12   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

13   right, within the meaning of section 1983, if he does an affirmative act, participates in another's

14   affirmative acts or omits to perform an act which he is legally required to do that causes the

15   deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

16   1978).

17          The court finds the allegations in plaintiff's complaint vague and conclusory.  The court

18   has determined that the complaint does not contain a short and plain statement as required by

19   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

20   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

21   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

22   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

23   claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

24   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

25   amended complaint.

26

1     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5  there is some affirmative link or connection between a defendant's actions and the claimed

6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

10 complaint be complete in itself without reference to any prior pleading.  This is because, as a

11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

13 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15     In accordance with the above, IT IS HEREBY ORDERED that:

16     1.  Plaintiff's complaint is dismissed; and

17     2.  Plaintiff is granted thirty days from the date of service of this order to file a

18 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

19 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

20 docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

21 file an amended complaint in accordance with this order will result in a recommendation that this

22 action be dismissed.

23

24

25 IT IS SO ORDERED.

26

                                        3

1

**Dated:**    **June 30, 2008**                          **/s/  William M. Wunderlich**
                                                 UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26